IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WAYNE CULKIN | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| WILLIAM R. CARPENTER, et al. | : | NO. 13-5047 |

MEMORANDUM

BAYLSON, J.                                              OCTOBER /0, 2013

Wayne Culkin brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, based on his allegations that the Commonwealth of Pennsylvania Board of Probation and Parole ("Board") miscalculated his sentence. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   FACTS[1]

In 1997, plaintiff pled guilty to certain charges brought against him in criminal proceedings presided over by Judge Paul W. Tressler. He was sentenced to eight to sixteen years of imprisonment. In 2006, plaintiff pled guilty to additional charges brought against him in criminal proceedings presided over by Judge William R. Carpenter. He was sentenced to 4 to 8 years of imprisonment to run concurrent with his earlier sentence.

Plaintiff was release on parole in September of 2011. Approximately one year later, The Board of Probation and Parole

---

[1]The following facts are taken from the complaint and exhibits attached to the complaint.

1

revoked his parole and ordered him to serve nine months of backtime. The Board denied plaintiff credit for time that he was delinquent, see 61 Pa. Cons. Stat. § 6138(c)(2), and recalculated his maximum sentence date as March 18, 2015.

Plaintiff appealed the Board's ruling, arguing that the Board's decision was based on fraudulent evidence, that the Board lacked jurisdiction, and that the Board miscalculated his maximum sentence date. Kimberly Barkley, the Secretary of the Board, rejected plaintiff's appeal. Plaintiff also sent letters to Judges Tressler and Carpenter, but the Judges failed to intervene in the matter.

Based on the above facts, plaintiff initiated this action, pursuant to 42 U.S.C. § 1983, against Judges Carpenter and Tressler, Barkley, and the Board.[2] He seeks compensatory and punitive damages and requests appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

## II. STANDARD OF REVIEW

As plaintiff has satisfied the criteria set forth in 28 U.S.C. § 1915, he is granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it is frivolous. A complaint is legally frivolous if it

---

[2]The docket reflects that plaintiff sued the Commonwealth of Pennsylvania and the Board of Probation and Parole. However, it appears that plaintiff only intended to sue the Board, which he referred to as the "Commonwealth of Pennsylvania Board of Probation and Parole" in the caption of his complaint, and that defendant was bisected into two defendants on the docket.

2

is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Nothing in the complaint suggests that the Board's calculation of plaintiff sentence has been reversed or otherwise invalidated. As success on plaintiff claims would necessarily demonstrate the invalidity of his not-yet-invalidated sentence, the claims are not cognizable under § 1983. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (Heck barred claim challenging constitutionality of parole revocation decision); Randell v. Johnson, 227 F.3d 300, 300-01 (5th Cir. 2000) (per curiam) (plaintiff's claim that he was not given credit for time served and was therefore required to serve the time twice was barred by Heck).

3

Plaintiff's claims lack legal merit for other reasons. First, plaintiff's claims against the Board lack legal merit because the Board is entitled to Eleventh Amendment immunity and, in any event, is not a person for purposes of 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989) (a state may not be sued in federal court pursuant to § 1983 and is not a "person" for purposes of that provision); Goodman v. McVey, 428 F. App'x 125, 127 (3d Cir. 2011) (per curiam) (claims against the Board were "prohibited by the Eleventh Amendment"). Furthermore, Barkley is entitled to quasi-judicial immunity from plaintiff's claims because they are based on acts she performed in connection with her adjudicatory duties as Board Secretary. See Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986) ("No doubt can be entertained that probation officers and Pennsylvania Parole Board members are entitled to quasi-judicial immunity when engaged in adjudicatory duties." (quotations omitted)). Finally, the Court cannot discern any legal basis for a claim based on plaintiff's allegations that the Judges who accepted his guilty pleas and imposed his original sentences were obligated to intervene on his behalf in proceedings with the Board.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff cannot cure the above deficiencies in his complaint.

4

Accordingly, plaintiff will not be permitted to file an amended complaint. In light of the dismissal of plaintiff's claims, the Court will deny his request for counsel. See <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim").

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.